LAW OFFICES OF DOUGLAS J. CAMPION, APC
Douglas J. Campion (SBN 75381)
17150 Via Del Campo, Suite 100
San Diego, CA 92127
doug@djcampion.com
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

BISNAR|CHASE LLP
Brian D. Chase (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan (SBN 211258)
jbeligan@bisnarchase.com
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone:  (949) 752-2999
Facsimile:  (949) 752-2777

LAW OFFICES OF MICHAEL P. SOUSA, APC
Michael P. Sousa, SBN 229416
sousam@sbcglobal.net
3232 Governor Dr., Suite A
San Diego, CA 92122
Telephone: (858) 453-6122, ext. 15
Facsimile: (858) 453-2155

*Attorneys for Plaintiff and the Proposed Class*


FILED
JAN 31, 2017
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY ___MKU___
Deputy Clerk, U.S. District Court

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SEAN HARTRANFT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TVI, Inc. d/b/a SAVERS, INC., APOGEE RETAIL, LLC,<br><br>Defendants. | Case No. 8:15-cv-01081-CJC-DFM<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff Sean Hartranft  (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated (the "Class" or "Class Members"), alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of TVI, Inc. doing business as Savers, Inc., and Savers' subsidiary Apogee Retail, LLC (all Defendants collectively referred to herein as "Defendants")  in negligently, knowingly, and/or willfully contacting Plaintiff and the Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"), and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 ("Rules").

2.      Plaintiff brings this action for injunctive relief and statutory damages resulting from Defendants' illegal actions.

## JURISDICTION AND VENUE

3.      This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a national class, which will result in at least one Class Member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Venue is proper in the United States District Court for the Central District of California, Southern Division pursuant to 28 U.S.C. §§ 1391(b)-

(c) and 1441(a), because: Plaintiff resides in this judicial district; Plaintiff received the call at issue while in this district; Defendants make calls for business purposes to residents of this judicial district; Defendants' contacts with this District are sufficient to subject them to personal jurisdiction; and Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced.

## PARTIES

5.     Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in Tustin, California.

6.     TVI, Inc., d/b/a/ Savers, Inc. is the largest for-profit thrift store chain in North America, operating approximately 330 stores in 25 states, including California, 10 Canadian provinces and in Australia, with a total of more than 20,000 employees, with annual sales of more than $1 billion. TVI, Inc. and Savers, Inc. are owned by private equity firms Leonard Green and Partners, and TPG. TVI, Inc.'s and Savers' headquarters are located in Bellevue, WA. Apogee Retail, LLC's headquarters are in Minnesota. TVI, Inc. d/b/a/ Savers, Inc. and Apogee Retail, LLC were sued by the Minnesota Attorney General's office in May, 2015 in a lawsuit accusing them of violating the state's charities laws and misleading the public about how much of their donations actually go to charities and concealing their role as for-profit companies. On June 26, 2015 it was announced a settlement was reached in that lawsuit in which TVI, Inc., Savers, Inc. and Apogee Retail, LLC will modify their business practices, modify their reporting and pay $1.8 million, $300,000 each, to their six Minnesota charities.

7.     Apogee Retail, LLC is a subsidiary of Savers, Inc. and is engaged in soliciting funds by telephone for TVI, Inc. and Savers, Inc. and charities with which Savers, Inc. has contracts. Apogee Retail, LLC operates call centers, including a large call center in El Paso, Texas. Apogee Retail, LLC solicits through

its telephone calls cash, clothing and other personal property donations, ostensibly on behalf of the Epilepsy Foundation and other charities with whom Savers, Inc. has contractual relationships and to whom Savers, Inc. provides only a portion of the funds raised depending on the type of donations it receives, including clothing donations.

8.     On information and belief, the decisions complained of herein, relating to the use of an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" to call consumers' cellular telephones without their prior express consent, and the procedures used in obtaining the cellular phone numbers to be called, and to do so without "scrubbing" them or otherwise determining the call recipients' prior express consent, originated from TVI, Inc. d/b/a/ Savers, Inc. and were implemented through their subsidiary Apogee Retail, LLC, which made the calls to cellular phones complained of herein on behalf of TVI, Inc. and Savers, Inc.  Any and all decisions about the calling procedures of either originated or were approved by TVI, Inc. and Savers, Inc.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

9.     In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

11.    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

12.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## FACTUAL ALLEGATIONS

13.    At all times relevant herein, Plaintiff was an individual residing in the State of California, and within this judicial district.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.    On or about June 10, 2015, Plaintiff received a call on his cellphone, with a phone number ending in 2564, from Defendant Apogee Retail, LLC calling on behalf of its parent company Savers, Inc., identifying themselves as calling on behalf of the Epilepsy Foundation and asking for donations to that organization.  Prior to that call, Plaintiff never had any contact with the Epilepsy

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

Foundation, with Savers, Inc. or Apogee Retail, LLC, never gave them his cellphone number, and never gave any of the Defendants prior express consent to be called on his cellphone number.

15.     He called the number back that appeared on his cellphone and was informed it was in fact the Defendant Apogee Retail, LLC that had called him, using the name Epilepsy Foundation.  He asked how they obtained his number and was told they purchased lists of numbers to be called.

16.     Plaintiff and the Class Members had a legally protected privacy interest arising out of the TCPA to be free from unwanted calls and prerecorded messages to their cellular phones. The TCPA bars Defendants from calling Plaintiff and the Class Members on their cellular phones without their prior express consent.

17.     The calls to Plaintiff and Class Members were a nuisance and an invasion of privacy, and wasted their time and money, and such calls trespassed and interfered with their rights and interests in their cellular telephones.  The calls were an intentional intrusion upon their solitude and seclusion, disrupted their peace and quiet and tied up their phone lines. Such calls prevented Plaintiff and the Class Members from using their own equipment. These invasions of privacy caused frustration and annoyance to the Plaintiff and Class Members, who had not consented to these intrusions caused by Defendants.  Plaintiff also suffered from the stress, anxiety and worry associated with such practice of Defendant in making unsolicited calls to cellphones under the guise of raising funds for charities. Plaintiff and the Class Members have also been harmed by the multiple involuntary telephone charges, aggravation and violations of their statutory rights. As a result of these rights and violations thereof, Plaintiff and the Class Members have suffered an injury in fact.

18.     Defendants are, and at all times mentioned herein were, "persons," as defined by 47 U.S.C. § 153(39).

19.     All telephone contact by Defendants to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. §  227(b)(1)(A).

20.     Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

21.     Defendants' telephone call to Plaintiff's cellular phone was not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

22.     Defendants' telephone call to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

23.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.[6]

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

25.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Apogee Retail, LLC to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice within four years to the filing of this Complaint.

---

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

Collectively, all these persons will be referred to as the "Class" and as the "Class Members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are TVI, Inc. d/b/a/ Savers, Inc. Apogee Retail, LLC and any entities in which they have a controlling interest, their agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

26.     Plaintiff does not know the exact number of members in the Class, but based upon the size of the company and its stated business practices in making telephone solicitations, Plaintiff reasonably believes that Class members number at minimum in the hundreds of thousands.

27.     Plaintiff and all members of the Class have been harmed by the acts of Defendants.

28.     This Class Action Complaint seeks injunctive relief and money damages.

29.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendants, and their agents.

30.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class Members. Those common questions of law and fact include, but are not limited to, the following:

a.     Whether Defendants made non-emergency calls to Plaintiff and Class Members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    b.  Whether Defendants can meet their burden of showing they obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

    c.  Whether Defendants' conduct was knowing and/or willful;

    d.  Whether Defendants are liable for damages, and the amount of such damages; and

    e.  Whether Defendants should be enjoined from engaging in such conduct in the future.

   31.  As a person who received a telephone call to his cellphone using an automatic telephone dialing system, without his prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class Member.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

   32.  Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

   33.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendants to comply with the TCPA.  The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue

are all automated and the Class Members  did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

34.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

35.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §  227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

38.     Plaintiff and all Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.  Plaintiff and Class Members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

39.     Plaintiff incorporates by reference the paragraphs 1 through 34, inclusive, of this Complaint as if fully set forth herein.

40.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

41.     As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

43.     Plaintiff and Class Members are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class Members the following relief against Defendants:

A.     Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

B.     As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.     As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages for each and every call that violated the TCPA;

1
2
          D.      An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

3
4
5
6
7
          E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

8
9
          F.      Such other relief as the Court deems just and proper.

10
## **DEMAND FOR JURY TRIAL**

11
          Plaintiff demands a trial by jury on all counts so triable.

12
Dated:  December 20, 2016     By: */s/ Douglas J. Campion*
13
                           Douglas J. Campion

14
         LAW OFFICES OF DOUGLAS J. CAMPION, APC
15
         17150 Via Del Campo, Suite 100
         San Diego, CA 92127

16
         BISNAR  CHASE

17
         By: */s/ Jerusalem Beligan*
18
         Jerusalem Beligan
         1301 Dove Street, Suite 120
19
         Newport Beach, CA 92660

20
         LAW OFFICES OF MICHAEL P. SOUSA, APC
21
         By: */s/ Michael P. Sousa*
         Michael P. Sousa
22
         3232 Governor Dr., Suite A
         San Diego, CA 92122

23
         *Attorneys for Plaintiff and the Proposed Class*

24
25
26
27
28