# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SEAN HARTRANFT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TVI, INC., d/b/a SAVERS, INC., and APOGEE RETAIL, LLC,<br><br>Defendants. | Case No.: SACV 15-01081-CJC-DFM<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [Dkt. 99]** |

Plaintiff has filed a Motion for Preliminary Approval of Class Action Settlement ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A. Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed Settlement Class and a hearing, to settle this Action on the terms and conditions set forth in the Settlement Agreement and Release (the "Agreement").

B. The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement.

C. Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class; that the Settlement Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the Settlement Class to determine whether to enter a Final Approval Order in this action, based upon that Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1. ***Preliminary Approval of Proposed Settlement***. The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Final Approval Hearing described below.

2. ***Class Certification for Settlement Purposes Only***.

    (a)    Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court, for settlement purposes only, conditionally certifies the following Settlement Class:

> All persons and entities to which, between and including July 1, 2011, to September 30, 2015, Apogee Retail, LLC made or attempted to make one or more telephone calls to their cellular telephones regarding donation solicitation on behalf of Epilepsy Foundation of America.

The Settlement Class does not include any persons who timely and validly request exclusion from the Settlement Class. Defendants and any of their affiliates or subsidiaries, and any entities in which any of such companies have a controlling interest, the judges presiding in the Action, and Class Counsel are also excluded from the Settlement Class.

    (b)    In connection with the certification, the Court makes the following preliminary findings:

        (1)    The Settlement Class satisfies Fed. R. Civ. P. 23(a)(1) because the Settlement Class appears to be so numerous that joinder of all members is impracticable;

        (2)    The Settlement Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Settlement Class;

        (3)    The Settlement Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the Plaintiff named in the caption appear to be typical of the claims being resolved through the proposed settlement;

        (4)    The Settlement Class satisfies Fed. R. Civ. P. 23(a)(4) because the Plaintiff appears to be capable of fairly and adequately protecting the interests of the above-described Settlement Class in connection with the proposed settlement and because counsel

representing the Settlement Class are qualified, competent, and capable of prosecuting this action on behalf of the Settlement Class.

    (5) The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members and because settlement with the above-described Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class. The Settlement Class appears to be sufficiently cohesive to warrant settlement by representation.

  (c) In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a settlement class.

  3. ***Class Representative***. For settlement purposes only, the Court hereby appoints Plaintiff Sean Hartranft as Class Representative pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Mr. Hartranft has and will fairly and adequately protect the interests of the Settlement Class.

  4. ***Class Counsel***. For settlement purposes only, the Court appoints Law Offices of Douglas J. Campion, APC; Bisnar | Chase LLP; and the Law Offices of Michael P. Sousa, APC as counsel for the Settlement Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

5. ***Claims Administrator***. The Court appoints CPT Group, Inc. as the Claims Administrator, which shall fulfill the Claims Administration functions, duties, and responsibilities of the Claims Administrator as set forth in the Agreement and this Order.

6. ***Final Approval Hearing***. A Final Approval Hearing shall be held before this Court on October 21, 2019 at 1:30 p.m., to determine whether the Agreement is fair, reasonable, and adequate and should be given final approval. Papers in support of final approval of the Agreement and Class Counsel's application for an award of attorneys' fees and costs, and for an incentive award to the Class Representative (the "Fee, Expense, and Incentive Payment Application") shall be filed with the Court according to the schedule set forth in Paragraphs 14 and 15, below. The Court may postpone, adjourn, or continue the Final Approval Hearing without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Agreement, which will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

7. ***Class Notice***. The Court approves the form and content of the notices substantially in the forms attached as Exhibit C to the Agreement. The Parties shall comply with the notice requirements of Section VIII of the Agreement. In compliance with that Section, beginning thirty (30) days after entry of this Order, the Claims Administrator shall cause notice to be delivered in the manner set forth in the Agreement, shall implement the telephone procedure for providing notice, launch the Settlement website and provide all notice and claims services as set forth in the Agreement.

8. ***Filing of CAFA Notice.*** In conjunction with the briefing on the Final Approval Hearing, Defendants shall file or cause to be filed with the Court proof of compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9. ***Findings Concerning Class Notice***. The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VIII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable laws.

10. ***Exclusion from Settlement Class***. Settlement Class Members who wish to exclude themselves from the Settlement Class and follow the procedures set forth in this Paragraph shall be excluded. Any potential member of the Settlement Class may mail a written request for exclusion, in the form specified in the Class Notice, to the Claims Administrator at the address set forth in the Class Notice. In the written request for exclusion, Settlement Class Members must include their full name, address, telephone number, signature, case name (to allow the Claims Administrator to ensure the exclusion request is for this and not another case administered by the same Claims Administrator), and a statement that they wish to be excluded from the Settlement Class for purposes of this settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the individual who submitted such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement. All such written requests must be postmarked no later than sixty (60) days after the date established by the Court for the Claims Administrator to provide Class Notice. All persons who properly request exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights with respect to, nor be bound by, the Agreement, should it be finally

approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Approval Order.

11. **_Right to Abrogate Agreement._** In the event more than 100 Settlement Class Members properly exclude themselves from the Settlement Class, Defendants shall have the unilateral right to abrogate the Agreement by written notice of abrogation to Class Counsel in accordance with the procedures set forth in the Agreement. If Defendants exercise their right to abrogate the Agreement, then all aspects of the Agreement and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect of the Agreement, the settlement, or this Order shall serve as legal precedent or as any basis for legal or factual argument in this or any other case.

12. **_Claims Procedures_**. The Court approves the claims procedures set forth in the Agreement. The Court approves the form and content of the Claim Form substantially in the form attached as Exhibit A to the Agreement. A properly executed Claim Form must be submitted as required in the Class Notice over the Internet or postmarked no later than ninety (90) days after the date on which Class Notice is first transmitted. Such deadline may be further extended by Court Order. Each Claim Form shall be deemed to have been submitted when submitted over the Internet or postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Claim Form is actually received no less than thirty (30) days prior to the date for distributing Settlement Certificates, if the 90-day claims filing deadline is extended for some reason. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

13. ***Costs of Class Notice and Claims Processing.*** Defendants shall bear all costs of notice to the Settlement Class of the pendency and settlement of the Action and other Claims Administration costs as provided in the Agreement.

14. ***Objections and Appearances***.

(a) ***Written Objections***. Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness, or adequacy of the Settlement, the Agreement or the Fee, Expense, and Incentive Payment Application. Any Settlement Class Member who wishes to object to the Settlement, Agreement or the Fee, Expense, and Incentive Award Application must file with the Court and deliver to Class Counsel and Defendants' counsel a written objection. The written objection, which the objecting Settlement Class Member must personally sign, must state: (i) the objector's full name, address, and current telephone number; (ii) an explanation of the reason why the objector claims to be a Settlement Class Member, including the cellular telephone number(s) Defendants allegedly called; (iii) all grounds for the objection, including any documents, evidence and citations all reasons for the objection; (iv) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit or otherwise benefit from the pursuit of the objection; and (v) whether the objector intends to appear at the Final Approval Hearing on her or his own behalf or through counsel. Any documents that the objector wants the Parties and the Court to consider must also be attached to the written objection. The written objection and any supporting papers must be filed with the Court and mailed to Class Counsel and Defendants' counsel postmarked no later than sixty (60) days after the date on which Class Notice is first transmitted. Any objection not timely made in this manner shall be waived and forever barred.

(b) *Appearance at Final Approval Hearing.* Objectors who timely and fully comply with the requirements above may appear at the Final Approval Hearing, either in person or through an attorney hired at their own expense, to object to the fairness, reasonableness, or adequacy of this settlement.

(c) *Fees and Cost Application*. Class Counsel shall file their Fee, Expense, and Incentive Payment Application, together with all supporting documentation, by no later than sixty (60) days from entry of this Order, sufficiently in advance of the expiration of the objection period that any Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(d) *Motion for Final Approval and Responses to Objections*. Class Counsel shall file with the Court their motion for final approval of the Settlement and any responses to any filed objections to the Fee, Expense, and Incentive Payment Application, together with all supporting documentation, no later than fourteen (14) days before the Final Approval Hearing.

15. *Dates of Performance*. In summary, the dates of performance are as follows:

(a) Defendants shall send the postcard Class Notice to potential Settlement Class Members on or before thirty (30) days after entry of this Order;

(b) Class Counsel's Fee, Expense, and Incentive Payment Application, and all supporting materials, shall be filed no later than sixty (60) days after entry of this Order;

(c) Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked no later than sixty (60) days after the date in subsection (a) above;

(d) All objections to the Settlement, Agreement or the Fee, Expense, and Incentive Payment Application shall be filed with the Court and mailed to the Parties' counsel postmarked no later than the same date as in subsection (c) above;

(e) Settlement Class Members who desire to submit Claim Forms shall do so online or, if by mail, postmarked, no later than ninety (90) days after the date in subsection (a) above.

(f) Class Representative's final approval motion, any Parties' responses to objections, and all supporting materials, shall be filed by at least fourteen (14) days before the date in subsection (g) below;

(g) If objections are received by the Parties' counsel and/or filed with the Court after the objection deadline, any Party may file a response at any time prior to the Final Approval hearing; and

(h) The Final Approval Hearing shall be held on October 21, 2019, at 1:30 p.m.

16. ***Effect of Failure to Approve the Agreement***. In the event the Court does not finally approve the Agreement, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Class Representative on any point

of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action for purposes of considering settlement approval; and

(d) Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

17. ***Discretion of Counsel.*** Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Class Notice that they jointly deem reasonable or necessary.

18. ***Stay of Proceedings Pending Approval of the Settlement.*** All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

19. ***Injunction Against Asserting Released Claims Pending Settlement Approval.*** Pending final determination of whether the settlement should be approved, Class Representative, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

20. ***Reservation of Rights and Retention of Jurisdiction.*** The Parties are ordered to comply with and implement the terms of the Agreement, pending Final Approval. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Settlement Class Members.

**IT IS SO ORDERED**.

DATED: April 18, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE