**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HARTRANFT, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TVI, INC. d/b/a SAVERS, APOGEE RETAIL, LLC,<br><br>　　　　　Defendants. | Case No. 8:15-cv-01081-CJC-DFM<br><br>**SETTLEMENT ORDER AND FINAL JUDGMENT** |

THIS MATTER came before the Court on Class Representative's motion for final approval of the proposed class settlement (the "Settlement") and Class Counsel's application for attorneys' fees and expenses, and incentive award to Class Representative ("Fee, Expense, and Incentive Payment Application"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined to approve the proposed Settlement as fair, reasonable, and adequate. The Court hereby enters this Settlement Order and Final Judgment ("Final Judgment"), which constitutes a final adjudication on the merits of all claims of the Settlement Class.

On April 18, 2019, this Court granted preliminary approval to the proposed Settlement between Class Representative and Defendants TVI, Inc. d/b/a Savers, and Apogee Retail, LLC (collectively, "Defendants"). The proposed Settlement resolves all of the Settlement Class's claims against Defendants in exchange for Defendants' agreement to provide certain monetary and non-monetary consideration to Settlement Class Members as set forth in the Settlement Agreement and Release (the "Agreement"). On October 21, 2019, this Court held a Final Approval Hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's Fee, Expense and, Incentive Payment Application. The Court heard from counsel.

Having read, reviewed and considered the papers filed in support of final approval of the Settlement, including supporting declarations; oral arguments of counsel; Class Counsel's Fee, Expense, and Incentive Payment Application; the Agreement; and the pleadings, the Court finds and concludes as follows:

//
//
//
//

1. ***Definitions***. The definitions and provisions of the Agreement are incorporated in this Final Judgment as though fully set forth herein.

2. ***Jurisdiction***. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Class Representative and all members of the Settlement Class. That Settlement Class is as certified in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"):

> All persons and entities to which, between and including July 1, 2011, to September 30, 2015, Apogee made or attempted to make one or more telephone calls to their cellular telephones regarding donation solicitation on behalf of EFA.

The Settlement Class does not include any persons who timely and validly requested exclusion from the Settlement Class. Defendants and any of their affiliates or subsidiaries, and any entities in which any of such companies have a controlling interest, the judges presiding in the Action, and Class Counsel are also excluded from the Settlement Class.

3. ***Settlement Approval***. The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. ***Class Certification***. This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Preliminary Approval Order. Accordingly, this Court makes final the conditional class certification set forth in the Preliminary Approval Order.

5. ***Exclusion from Settlement Class***. Certain members of the Settlement Class have timely requested to be excluded from the Settlement Class and the Settlement. Exhibit A, attached hereto, lists the Settlement Class Members who

timely requested exclusion from the Settlement Class. Accordingly, this Final Judgment shall not bind or affect Settlement Class Members listed on Exhibit A.

6. ***Appointment of Class Counsel and Class Representative***. The Court confirms the appointment of the Law Offices of Douglas J. Campion, APC, Bisnar Chase LLP, and the Law Offices of Michael P. Sousa, APC as Class Counsel. The Court confirms the appointment of Sean Hartranft as Class Representative.

7. ***Objections***. The Court has not received any objections to the settlement.

8. ***No Admission***. Neither this Final Judgment nor the Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

9. ***Dismissal with Prejudice***. This Court hereby dismisses with prejudice all claims of Settlement Class Members against Defendants within the scope of the Released Claims defined by the Settlement Agreement.

10. ***Release***. Class Representative, for himself and as representative of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever

3

irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

11. ***Injunction Against Asserting Released Claims.*** Class Representative, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are permanently enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members listed in Exhibit A who timely requested exclusion from the Settlement Class. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

12. ***General Release Acknowledgement***. By operation of this Final Judgment, Class Representative and Defendants expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply. California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

13. ***Class Notice***. The Claims Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Claims Administrator to the Settlement Class, which set forth the principal terms

of the Agreement and other matters, was the best practicable notice under the circumstances.  The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice.  The Class Notice given to the Settlement Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the Final Approval Hearing.  The Court has afforded a full opportunity to all Settlement Class Members to be heard.  Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Settlement Class, are bound by this Final Judgment.

14. ***Notifications to Appropriate Federal and State Officials***.  Within ten (10) days after the filing of the proposed Agreement in this Court, Defendants served a notice of the proposed Settlement upon the appropriate state official of each State in which a Settlement Class Member resides and upon the Attorney General of the United States.  The Court finds that the notice provided by Defendants satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Defendants provided the required notice, as required by 28 U.S.C. § 1715(d).

15. ***Continuing Jurisdiction***.  Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, incentive award, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and

members of the Settlement Class for the purpose of enforcing and administering the Agreement.

16. ***Incentive Award***. As an incentive payment in compensation for the time, effort, and risk he undertook as representative of the Settlement Class, the Court hereby awards $5,000 to Sean Hartranft to be paid by Defendants.

17. ***Class Counsel Fee and Cost Award***. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Settlement Class by obtaining Defendants' agreement to make available to Settlement Class Members certain monetary and non-monetary consideration; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Class Representative has reviewed the Agreement and has been informed of the Fee, Expense, and Incentive Payment Application and has approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee, Expense, and Incentive Payment Application in time for Settlement Class Members to make a meaningful decision whether to object to it. For these reasons, the Court hereby approves Class Counsel's Fee, Expense, and Incentive Payment Application and awards to Class Counsel fees and costs in the total amount of $900,000, to be paid by Defendants. All such fees are in lieu of statutory or other fees that Class Representative and/or the Settlement Class might otherwise have been entitled to recover.

18. ***Payment of Claims Administrator Costs and Disbursement of Settlement Certificates, and Cash Payments to Settlement Class Members Who Submit Approved Claims.*** The Defendants shall pay to the Claims Administrator all costs and fees incurred for all costs of notice and claims administration incurred for this Action, according to the Agreement. Defendants shall also cause the Settlement Certificates to the Settlement Class Members who submit Approved Claims to be issued and honored and shall pay the payments to the Claims Administrator to fund all cash payments requested by Settlement Class Members who submit Approved Claims to be paid by the Claims Administrator in lieu of redeeming the Settlement Certificates for goods, as required by the Agreement.

19. ***Payment Timing***. Defendants shall pay the fee and cost awards to Class Counsel and the incentive award to Class Representative, as well as monetary and non-monetary consideration due to eligible Settlement Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.

IT IS SO ORDERED.

DATED: October 21, 2019

_____
Hon. Cormac J. Carney
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

# Hartranft v. TCI, Inc. & Apogee Retail, LLC

*Valid and Timely Exclusion Requests*

| Name |
|---|
| AMIRIAN, JULDA |
| LAGANA, SILVIA |
| ROBINSON, MARTHA |
| JANBAY, MAHER |
| METZLER, CAROL |
| SALAS, ALEX |
| WATKINS, DIANA |
| BENNETT, TAYA |
| FRANCO, DORA |
| REYES, ALFREDO |
| SUZUKI, TADASHI |
| CHOURY, STEPHANIE ANN |
| FOLWELL, CURTIS |
| LUKO, DENISE |
| MARUYAMA, HOWARD |
| GETTYS, BLANCA |
| HERNANDEZ, EVELYN |
| KAEDING, LINDA |
| MCBEE, IMA J |
| GALLEGOS, PATRICIA |
| SMITH, MARCUS |
| GALINDO, FRANCISCA |
| NELSON, ROBERT |
| RODRIGUEZ, ANA |
| EUBANKS, BRENT |
| SHUM, ARIEL |
| GUTIERREZ, ERYCA |
| DONAHUE, BERNADINE |
| GARIDEL, GLORIA |
| YANG, ZHEN MEI |
| BRYAN, EDWARD |
| YOON, SUNGHOON |
| QUACH, ALAN |
| TRINH, DENNIS |